## Eldridge et al. v. Commonwealth.

(Decided May 22, 1931.)

J. S. FORESTER for appellants.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GEN-
TRY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER.—
Affirming.

About 6:30 p. m. on February 22, 1930, Robert
Eldridge and Asa Cusick shot and killed Ben Turner.
They were charged with murder, and upon their trial
were convicted of manslaughter; Eldridge was given five
years in the penitentiary and Cusick two years.

Eldridge was a deputy constable and Cusick was
marshal of the city of Evarts. They had gone to the
suburbs of Evarts and arrested two men for some minor
offense and were taking those men to prison when they
met Turner and his wife. The shooting began at once.
Turner shot Cusick in the left arm with a shotgun so
that amputation was necessary. Both Eldridge and
Cusick admit shooting Turner, but they claim to have
been acting in self-defense and in defense of each other.
The court submitted the case to the jury under proper
instructions upon murder, manslaughter, self-defense,
and reasonable doubt, with proper definitions of terms
and directions to find them guilty of the lesser offense
if the jury should only be in doubt as to the degree of
the offense.

They asked for a new trial because the verdict was, as
they said, not supported by the evidence. The evidence
of eight witnesses indicates the officers began the shoot-
ing, while there is fully as much or more evidence the
deceased began it. There is an air of mystery about this
shooting. Men do not usually begin shooting upon a
mere chance meeting, and who started it was a question
for the jury. There is ample evidence to sustain its find-
ing.

These defendants insist they were entitled to an
instruction under section 1148a-7 of the Statutes, but
there was no evidence to require such an instruction.
While these men were officers, and acting as such so far
as the two men they had under arrest are concerned,
they did not offer to arrest Turner, though Cusick had

a warrant for his arrest, nor did they do anything tending to show that as regards Turner they were acting as officers. There is nothing to show that Turner knew the defendants had these two men under arrest. It is clear there was some old grudge back of this homicide. This chance meeting gave an opportunity to settle the score and the shooting began. If the witnesses for the commonwealth are believed, then the defendants began shooting this man without right, provocation, or necessity, as soon as they learned who he was, and if the evidence for the defense is believed, the deceased began it and defendants were shooting in self-defense. Unfortunatly for the defendants, the jury has found against them. These are the only questions they have discussed.

The judgment is affirmed.